Judge Underwood,
delivered the opinion of the court.
W. Booth, instituted an action of covenant, upon an article of agreement, executed by him, Lasley, the defendant, and John Booth. The article recites, that Lasley had sold and conveyed to John Smith, a tract of land, “ supposing the said tract, at the time of selling and conveying, to contain two hundred acres only,” and which tract of land has been con-conveyed, in like manner, to John Booth, and part thereof sold to Joseph Lane, who purchased of the said John Booth; and whereas, it now appears upon a reaurvey, that the said tract of land contains a surplus of one hundred and seventy one acres, to which said Lasley sets up claim or compensation for said surplus, and the said Wm. Boothhas agreed to make compensation to said Lasley,forsaid surplus,to wit: the sumof $200,&c., and the said Lasley agrees, on his part, so soon as the payment may be made, to execute to the said Wm. Booth, a deed of relinquishment or confirmation, to so much of said Iand,ashemaybe entitled to,on the north side of said survey, and also, to execute to the said John Booth, a like deed of conveyance for the residue of said tract, &c.w
The declaration contains two counts, each of which, after averring the payment of the $200, although in a manner not precisely the same, assigns a breach of the covenant on the part of Lasley, in his failure to execute to Wm. Booth a deed of relinquishment or confirmation, toso much of the land, in the covenant mentioned, as the defendant, Lasley, was entitled to on the north side of said survey, in the covenant mentioned. Upon *388 a demurrer to the declaration, the circuit court gave judgment in favor of Laslcy, to reverse which, Booth prosecutes a writ of error.
There is but one question-, and that turns upon the construction of the covenant. Docs it appear from the covenant, that Lasley was entitled to any land on the north of the survey, which he stipulated to convey to the plaintiff? The breaches assigned, are based upon the opinion, that Lasley had land on the north of the survey, which he bound himself to conveytoWm. Booth, andthatall this is apparent from the contract. Wedonotconcurinthisviewofthecontract. On the contrary, we think it clear, from the agreement between the parties, that Lasley had previously parlcdwith his title to the entire tract, the surplus included. The contract shows that he intended to assert a claim to the surplus, or compensation for it. If his claim should be compensated in land, it would have been nev cessaiy to direct a re-conveyance to him; if in money, then,,his claim would be extinguished, by the. payment of the sum which might be decreed him. It no where appears that Lasley asserted a right to have the surplus laid off to himself on the north of the tract, or that it' would be niore proper to. lay it off there than on the south. With a full knowledge of tne nature of jLasley’s claim, we infer from the covenant, the parties compromised. Lasley agreed to accept $200 in tobacco, and to relinquish his claim; or, in other words, to execute a deed of confirmation. lie was not to convey land which never had been conveyed. He was merely to confirm the title which he had made, through mistake, for three hundred and seventy one, instead of two hundred.acres; and so confirming it, he was “ to execute to Wm. Booth a deed of relinquishment or confirmation, to sp much of said land as he may be entitled to on the north side, of said survy” The usaid land,” means the tract which Lasley had already conveyed. The relative pronoun he, refers to, and is a substitute for, its immediate antecedent Wm. Booth, and taken in connexion-with w?-.at follows, means, that Wm. Booth, the plaintiff, was entitled to a part qf the tract lying on the north side of the survey, for which part, Lasley would make a deed of relinquishment or confirmation to aim. It is Wm. Booth’s own land which is to be confirmed to him, and not land owned by Laslcy, on *389 the north side of the survey, which he had sold and conveyed to Smith. If Lasley will not confirm to Booth, so much of the tract conveyed to Smith, as he (Booth,) may be entitled to on the north side of the survey, and within it, then Booth may maintain his action of covenant against Lasley for a breach of the articles. To suffer him to recover for ihe re-conveyance of lañd owned by Lasley, out of, and on the north side of the survey conveyed to Smith, would outrage justice, and the understanding of the parties, as manifested by their contract.
Monroe, for plaintiff; Triplett and Brents. for defendant.
The declaration was defective, and ihe circuit court rendered a correct judgment upon the demurrer. Wherefore, ihe same is affirmed with costs.